38582. ANDREWS et al. v. HOWARD.

WELTNER, Justice.

The Dodge County Board of Education, the Dodge County School Superintendent, et al. appeal the issuance of a mandamus absolute requiring the Board to reinstate Ms. Howard as a teacher in the Dodge County School System for the 1981-1982 school year. The

principal issue in the case is whether the attempt of the Superintendent to notify Ms. Howard that her contract would not be renewed met the requirements of Code Ann. § 32-2101c (c). Also at issue is whether the method of nonrenewal in Ms. Howard's case is governed by Code Ann. § 32-2102c or by Code Ann. § 32-2103c.

On April 6, 1981, the Superintendent attempted to send to Ms. Howard, by certified mail, a letter informing her that her contract would not be renewed. Her correct address at that time, which was listed in her employer's "contract file," was Route 6, Box 342, Eastman, Georgia. The letter was addressed Route 2, Box 573A, Eastman, Georgia, which was her former address, as listed in her employer's "personnel file." However, a mail carrier noticed the error, changed "Route 2" to read "Route 6," and forwarded the letter to the carrier for Route 6. On April 7, that carrier attempted delivery to the correct address. Finding no one at home, the carrier left a notice of attempted delivery and returned the certified letter to the post office.

1. Code Ann. § 32-2101c (c) provides: "All notices required by this Chapter may be served either personally or by certified mail. Service shall be deemed to be perfected when said notice is deposited in the United States Mail addressed to the last known address of the addressee with sufficient postage affixed thereto." The trial court ruled that as no attempt was made to serve Ms. Howard personally, the only other authorized mode of service was by certified mail addressed to the last known address of Ms. Howard. As the letter was originally addressed to Ms. Howard's former address, and as her current address was known by the Superintendent, the trial court held that the attempted notification did not comply with the statute.

We conclude that, because of the diligence of the postal service, there was sufficient compliance with Code Ann. § 32-2101c (c). The evidence shows an attempted delivery to her correct, last known address. Code Ann. § 102-102 provides: "The following rules shall govern the construction of all statutory enactments: . . . 6. A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment. . . . 9. In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. . . ."

The notice provision here involved, Code Ann. § 32-2101c (c), was enacted to make certain that public school teachers would receive timely notification of termination of their employment well in advance of the following school year. The beneficial purpose of the

statute was satisfied in this case, and we fail to see how Ms. Howard was harmed by the failure of the Superintendent originally to affix her last known address to the mailing envelope. When the carrier attempted to deliver the letter to the correct address on April 7, and left a notice of attempted delivery, service was perfected on Ms. Howard. We note that the deadline for giving notice, whether the applicable statute is Code Ann. § 32-2102c or Code Ann. § 32-2103c, was April 15.

2. Also at issue is whether the method of nonrenewal of Ms. Howard's contract is governed by Code Ann. § 32-2102c or Code Ann. § 32-2103c.[1] When this dispute arose in April of 1981 Ms. Howard was in her third year of service as a teacher in Dodge County. The issue in Division 1 of this opinion is whether, because of allegedly defective notice of nonrenewal, Ms. Howard was entitled to have her contract renewed for a fourth year. The next to last sentence of Code Ann. § 32-2103c modifies the first sentence and requires renewal of a teacher's contract for the fourth consecutive year as a prerequisite to the application of that section. As Ms. Howard's contract was not renewed for the fourth year, we conclude that she is not entitled to the protections of Code Ann. § 32-2103c, and Code Ann. § 32-2102c must govern the method of her termination.[2]

3. As these rulings are dispositive of the case, we need not consider any other allegations of error.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 22, 1982.

*Smith & Harrington, Will Ed Smith,* for appellants.

---

[1] Code Ann. § 32-2103c applies to tenured teachers and provides them greater protection in the event of termination: "After a teacher . . . has been employed for three or more successive school years by the same local board of education, then the nonrenewal of the contract of such teacher . . . or his demotion for the fourth or subsequent years shall be as provided by this section. . . . For purposes of this section, a teacher . . . shall be deemed to have been employed for three successive school years where the teacher . . . had already completed two years with the system and while serving under his third successive contract has his contract of employment renewed by the board of education for the fourth consecutive year. . . ."

[2] An opinion of the Attorney General, dated October 23, 1981 takes the position that renewal of a teacher's contract for a fourth year is not a prerequisite to the application of Code Ann. § 32-2103c. Apparently due to inconsistency in the interpretation of this section, the Georgia General Assembly on March 23, 1982 passed House Bill 1436 (Act 1517, Ga. L. 1982, p. 2188), which replaces the current tenure provisions.

*Ronald T. Knight, W. Terrell Wingfield, Jr.,* for appellee.